IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID W. KELLY and JOAN. L. KELLY,** | : | **CIVIL ACTION NO. 1:13-CV-2298** |
| | : | |
| **Plaintiffs,** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW, this 10th day of July, 2014, upon consideration of the report (Doc. 20) of Magistrate Judge Susan E. Schwab, recommending the court grant the motion to dismiss (Doc. 5) filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"), wherein the magistrate judge concludes that plaintiff David and Joan Kellys' (the "Kellys") claims in Counts I and II for wrongful foreclosure and fraud are barred absolutely by the gist of the action doctrine and should be dismissed with prejudice, and that the Kellys' claim in Count III for negligence is also barred but potentially curable and should be dismissed with leave to amend, (see Doc. 20 at 10-16), and, after an independent review of the record, and noting that the Kellys filed an objection[1] (Doc. 21) to the report on June 9,

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)).  "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'"  Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

2014, and that Wells Fargo filed a response (Doc. 25) to the Kellys' objections on June 26, 2014, and the court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record, and the court further finding the Kellys' objections to be without merit,[2] except to the limited extent that the Kellys request that dismissal of Count I be without prejudice, and squarely addressed by Judge Schwab's report, it is hereby ORDERED that:

---

[2] The Kellys object to the magistrate judge's determination that their wrongful foreclosure claim in Count I is barred by the gist of the action doctrine. Magistrate Judge Schwab determined, correctly, that the claim as currently stated sounds in tort and is derived entirely from the mortgage documents between the parties and thus barred by the gist of the action doctrine. (Doc. 20 at 10-14 (citing eToll, Inc. v. Elias/Savion Advert., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). In their objection, the Kellys contend that the magistrate judge erroneously construed Count I as a tort claim rather than a breach of contract claim. (Doc. 21 ¶¶ 11-18 (contending *inter alia* that the "gravamen of Count I is a breach of contract that resulted in Wells' wrongful foreclosure")). The court observes that the Kellys' current position is diametrically inconsistent with its brief in opposition to Wells Fargo's motion to dismiss. At that stage of the litigation, the Kellys resolutely maintained that: "Plaintiffs are not seeking both claims under breach of contract, as well as claims that could be classified under tort. Plaintiffs' Complaint *is limited solely to tort claims*. . . . Plaintiff is in no way seeking breach of contract by Wells Fargo. Nor is [sic] the causes of action alleged in the Complaint dependent on the outcome of a breach of contract determination." (Doc. 11 at 8) (emphasis added). Consequently, the magistrate judge was quite correct to construe Count I as a cause of action sounding not in contract but in tort. However, given the court's leave to amend Count III of the complaint, and the Third Circuit's mandate that leave to amend be liberally granted, see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (observing that "a district court must permit curative amendment, unless an amendment would be inequitable or futile"), the court will also grant leave to amend Count I to the extent the Kellys intended that Count to state a claim for breach of contract. Nothing in this opinion should be construed as addressing the ultimate merit of any such contract claim.

1. The report (Doc. 20) of Magistrate Judge Schwab is ADOPTED.

2. Wells Fargo's motion (Doc. 5) to dismiss the Kellys' complaint (Doc. 1-2) is GRANTED.  The Kellys' complaint (Doc. 1-2) is DISMISSED in its entirety.

3. Count II of the Kellys' complaint (Doc. 1-2) is dismissed with prejudice, without objection.  Counts I and III are dismissed without prejudice.  If the Kellys fail to file a curative amended pleading within fourteen (14) days of the date of this order, the Clerk of Court will be directed to close this case.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania